USCA1 Opinion

 

 February 3, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1383 GREGORIO ROSARIO, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Gregorio Rosario on brief pro se. ________________ Donald K. Stern, United States Attorney, and Heidi E. Brieger, ________________ ________________ Assistant United States Attorney, on brief for respondent. ____________________ ____________________ Per Curiam. Petitioner Gregorio Rosario appeals the ___________ denial by the United States District Court for the District of Massachusetts of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. Rosario alleges that the district court erred both in the manner in which it conducted the section 2255 proceedings and in its dismissal of his petition. We affirm. We find no error in the district court's conduct of the section 2255 proceedings. First, even though the district court required that Rosario have standby counsel, Rosario has not produced any evidence that he lacked "a fair chance to present his case in his own way." McKaskle v. Wiggins, 465 ________ _______ U.S. 168, 177 (1984). Thus, he has failed to show any abridgment of his right to self representation.1 Id. __ Second, we have reviewed the record in this case, including the transcript of the surveillance tape, and find no abuse of discretion in the district court's refusal to compel the government's chief witness to testify during the habeas proceedings. See Rule 6(a) of the Rules Governing ___ Proceedings in the United States District Court Under Section 2255. We likewise find absolutely no evidence of bias on the part of the district court in any of its rulings and therefore find no error in the court's refusal to recuse  ____________________ 1. The legal right to self representation in civil cases is guaranteed by 28 U.S.C. 1654. itself from this case. See Liteky v. United States, 114 ___ ______ ______________ S.Ct. 1147, 1157 ("judicial rulings alone almost never constitute valid basis for a bias or partiality motion"). As far as the substantive claims raised in Rosario's habeas petition are concerned, we have reviewed carefully the record in this case and the briefs of the parties. We find that the district court adequately addressed all the claims raised by Rosario in his petition. We also find, essentially for the reasons given by the district court in its memoranda and orders dated September 14, 1993, and March 21, 1994, that Rosario has failed to show that he is entitled to relief under section 2255. Affirmed. ________ -3-